In the Matter of FRANKLYN L. LOWENTHAL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 7, 1987

**APPEARANCES OF COUNSEL**

*Gary L. Casella (Etta M. Biloon* of counsel), for petitioner.

*Donald E. Humphrey* for respondent.

OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on March 31, 1948. The respondent was censured by this court for professional misconduct on December 17, 1979 *(Matter of Lowenthal,* 71 AD2d 305). Further, following a second disciplinary proceeding the respondent was suspended from the practice of law by order of this court for a period of one year which was ultimately effective on March 16, 1984 *(Matter of Lowenthal,* 95 AD2d 507), and he has not since been reinstated.

In this proceeding to discipline the respondent for professional misconduct, the petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to confirm in part and disaffirm in part said report.

The Special Referee found the respondent guilty of professional misconduct as follows: failing to promptly notify two different clients by registered or certified mail, return receipt requested, of his suspension from the practice of law as required by the rules of this court; neglecting an estate matter entrusted to him for a period of more than seven years resulting in another attorney being substituted for the respondent; filing an affidavit with this court stating that he had fully complied with the provisions of the order of suspension and the rules of this court governing the conduct of suspended attorneys, which affidavit was materially false in that respondent failed to promptly notify the clients referred to above of his suspension; and engaging in the unauthorized practice of law by advising a client concerning a matrimonial proceeding and a will, during a period of time when the respondent was suspended from the practice of law.

After reviewing all of the evidence, we are in full agreement with the report of the Special Referee. The respondent is guilty of the misconduct indicated above. The petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied to the extent that it seeks to disaffirm said report.

In determining an appropriate measure of discipline to be imposed, we are mindful of the mitigating circumstances raised by the respondent at the hearing in this matter as well as the fact that the respondent has remained suspended since

March 16, 1984. Nevertheless, these additional transgressions must be punished by the imposition of a further suspension. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for an additional period of two years effective forthwith.

MOLLEN, P. J., MANGANO, THOMPSON, BROWN and NIEHOFF, JJ., concur.